IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOSHUA C. ROBERTS,**

        Plaintiff

v.                                            CIVIL NO. 3:11CV204

**ASSET ACCEPTANCE, LLC .**

    SERVE: CT Corporation System, Registered Agent
             4701 Cox Road, Suite 301
             Glen Allen, VA 23060

and

**TRANS UNION, LLC.**

    SERVE: Corporation Service Company, Registered Agent
             11 S. 12th Street
             Richmond, VA 23218

and

**EQUIFAX INFORMATION SERVICES, INC.**

    SERVE: Corporation Service Company, Registered Agent
             11 S. 12th Street
             Richmond, VA 23218

and

**EXPERIAN INFORMATION SOLUTIONS, LLC.**

    SERVE: David N. Anthony, Registered Agent
             1001 Haxall Point
             Richmond, VA 23219

        Defendants

## COMPLAINT

COMES NOW the Plaintiff, JOSHUA C. ROBERTS, by counsel, and for his complaint against the Defendants, alleges as follows:

1

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District and Defendants operate in Virginia through statutory and/or registered agents located in this division.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. He is a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1682(a)(3).

4. Upon information and belief, TRANS UNION, LLC. ("Trans Union") is a corporation authorized to do business in the State of Virginia through its registered agent's office.

5. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC. ("Equifax") is a corporation authorized to do business in the State of Virginia through its registered agent's office.

8. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of

furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of Virginia through its registered agent's office.

11. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, ASSET ACCEPTANCE, LLC. ("Asset Acceptance") is a foreign corporation doing business in the State of Virginia. Its primary purpose is the collection of consumer debts.

## FACTS

14. On or about May 26, 2009, Defendant, Asset Acceptance filed a lawsuit in the General District Court of Prince William County for collection of an account on behalf of Chase Bank.

15. Prior to June, 2009, Plaintiff obtained a copy of his credit reports and learned that Asset Acceptance was reporting to Trans Union, Equifax and Experian derogatory information within his credit files for a collection account on behalf of Chase Bank (the "Asset Acceptance Reporting").

16. The lawsuit was without basis and the Asset Acceptance Reporting was inaccurate. Plaintiff had never been delinquent on his Chase Bank credit card account and actually paid it in full in 2003.

17. Plaintiff defended himself against the lawsuit brought by Asset Acceptance and, on or about September 24, 2009, the lawsuit filed by Asset Acceptance was dismissed by agreement of all parties, upon Plaintiff's filing of an Affidavit of Fraud and Forgery, denying his use of or the authorization to use the Chase Bank credit card which was the subject of the lawsuit, since 2003.

18. As part of the agreement to dismiss, Asset Acceptance agreed to remove the derogatory trade line which was being reported within Plaintiffs credit reports.

19. On multiple occasions both before and after the dismissal of the lawsuit, the Plaintiff disputed the account with Trans Union, Equifax and Experian and informed all Defendants that he did not owe Chase Bank any sums of money and that he had not used the Chase Bank credit card since 2003 at which time he paid the account in full.

20. Defendants each received, but ignored the Plaintiff's disputes and did refuse to delete the inaccurate information regarding the account from the Plaintiff's credit file.

21. Defendants each had actual knowledge of this inaccuracy and deliberately chose to ignore and permit same.

22. After receiving Plaintiff's notice of the inaccuracy and within the two years preceding the filing of this action, Trans Union, Equifax and Experian each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory collection account of Asset Acceptance.

23. Trans Union, Equifax and Experian each received Plaintiff's multiple disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead,

each Defendant merely "parroted" the information dictated to it by Asset Acceptance.

24. Upon information and belief, Plaintiff alleges that on one or more occasions Trans Union, Equifax and Experian each forwarded Plaintiff's disputes to Asset Acceptance. Upon information and belief, Asset Acceptance was provided notice of Plaintiff's disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681s-2(b)(1)(A) (ASSET ACCEPTANCE)

25. Plaintiff realleges and incorporates paragraph 1 through 24 above as if fully set out here.

26. Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's dispute of the Asset Acceptance representation.

27. As a result of this conduct, action and inaction of Asset Acceptance, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

28. Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

29. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681s-2(b)(1)(B) (ASSET ACCEPTANCE)

30. Plaintiff realleges and incorporates paragraphs 1 through 29 above as if fully set out herein.

31. Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

32. As a result of this conduct, action and inaction of Asset Acceptance the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

33. Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

34. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15U.S.C. 1681s-2(b)(1)(C)and(D) (ASSET ACCEPTANCE)

35. Plaintiff realleges and incorporates paragraphs 1 through 34 above as if fully set out herein.

36. Within two years prior to the filing of this suit, by example only and without limitation, Asset Acceptance violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-

2(b)(1)(C) and (D) by publishing the Asset Acceptance representation within Plaintiff's credit file with Trans Union, Equifax and Experian without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

37. As a result of this conduct, action and inaction of Asset Acceptance the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

38. Asset Acceptance's conduct, action and inaction was willful, rendering Asset Acceptance liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Asset Acceptance was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

39. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Asset Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681e(b) (Trans Union, Equifax and Experian)

40. The Plaintiff realleges and incorporates paragraphs 1 through 39 above as if fully set out herein.

41. Trans Union, Equifax and Experian each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files each credit reporting agency published and maintained concerning the Plaintiff.

42. As a result of the conduct, actions and inactions of Trans Union, Equifax and Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and

benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

43. Defendants' conduct, actions and inactions were willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

44. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(1) (Trans Union, Equifax and Experian)

45. Plaintiff realleges and incorporates paragraphs 1 through 44 above as if fully set out herein.

47. Trans Union, Equifax and Experian each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

48. As a result of the conduct, actions and inactions of Defendants, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

49. Defendants' conduct, actions and inactions were willful, rendering Defendants each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Trans Union, Equifax and Experian were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

50. The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(2) (Trans Union, Equifax and Experian)

51. Plaintiff realleges and incorporates paragraphs 1 through 50 above as if fully set out herein.

52. Trans Union, Equifax and Experian each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide notification of the Plaintiff's dispute to Asset Acceptance and by failing to include all relevant information regarding the Plaintiff's dispute.

53. As a result of the conduct, actions and inactions of Trans Union, Equifax and Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

54. Defendants' conduct, actions and inactions were willful, rendering Defendants each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Trans Union, Equifax and Experian were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

55. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Trans Union, Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(4) (Trans Union, Equifax and Experian)

56. Plaintiff realleges and incorporates paragraphs 1 through 55 above as if fully set out herein.

57. Trans Union, Equifax and Experian each violated 15 U.S.C. §1681i(a)(4) on multiple

occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

58. As a result of the conduct, actions and inactions of Trans Union, Equifax and Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

59. Defendants' conduct, actions and inactions were willful, rendering Defendants, Trans Union, Equifax and Experian each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Trans Union, Equifax and Experian were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

60. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union, Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## **COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT**
## **§15 U.S.C. 1681i(a)(5)(A) (Trans Union, Equifax and Experian)**

61. Plaintiff realleges and incorporates paragraphs 1 through 60 above as if fully set out herein.

62. Trans Union, Equifax and Experian each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

63. As a result of the conduct, actions and inactions of Trans Union, Equifax and Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

64. Defendants' conduct, actions and inactions were willful, rendering Trans Union, Equifax and Experian each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Trans Union, Equifax and Experian were

negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

65. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union, Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(5)(c) (Trans Union, Equifax and Experian)

66. Plaintiff realleges and incorporates paragraphs 1 through 65 above as if fully set out herein.

67. Trans Union, Equifax and Experian each violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit file.

68. As a result of the conduct, actions and inactions of Trans Union, Equifax and Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

69. Defendants' conduct, actions and inactions were willful, rendering Trans Union, Equifax and Experian each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Trans Union, Equifax and Experian were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Trans Union, Equifax and Experian in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

JOSHUA C. ROBERTS,

By: _____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile
*Counsel for Plaintiff*