UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOSHUA C. ROBERTS,**

    **Plaintiff,**

    v.                                  Civil Action No. 3:11-cv-204

**ASSET ACCEPTANCE, LLC, TRANS UNION, LLC., EQUIFAX INFORMATION SERVICES LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.**

    **Defendants.**

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to the other Defendants and therefore denies the same. In response to the numbered paragraphs in the Complaint, Experian states as follows:

**PRELIMINARY STATEMENT**

1. In response to paragraph 1, Plaintiff purports to bring claims against Defendants pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Experian states that these are legal conclusions, which are not subject to denial or admission. Experian denies that it is liable to Plaintiff for the requested relief under FCRA or for any relief whatsoever.

## JURISDICTION

2. In response to paragraph 2, in which Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367, Experian states that this is a legal conclusion which is not subject to denial or admission. Experian denies that venue is proper in the Eastern District of Virginia, Richmond Division, and objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq*. and Rule 3 of the Rules of the United States District Court for the Eastern District of Virginia. On information and belief, Experian alleges that Plaintiff resides within the Eastern District of Virginia, Alexandria Division. Experian reserves the right to seek to transfer this case to a proper venue consistent with 28 U.S.C. § 1404(a). Experian denies, generally and specifically, the remaining allegations in Paragraph 2.

## PARTIES

3. Experian admits that Plaintiff is a natural person. In response to paragraph 3, in which Plaintiff purports to be a consumer under 15 U.S.C. § 1681a(c), Experian states that this is a legal conclusion, which is not subject to denial or admission.

4. In response to paragraph 4, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

5. In response to paragraph 5, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

6. In response to paragraph 6, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

7. In response to paragraph 7, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

8. In response to paragraph 8, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

9. In response to paragraph 9, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

10. In response to paragraph 10, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and does conduct business in the Commonwealth of Virginia. Experian further admits that it has a Registered Agent in Richmond, Virginia. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 10.

11. In response to paragraph 11, Experian denies that 15 U.S.C. § 1681(f) defines "consumer reporting agency." Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f). Experian denies that 15 U.S.C. § 1681(d) defines the business practices of any consumer reporting agency. Experian admits that, in the ordinary course of business, it furnishes consumer reports as defined in 15 U.S.C. §1681a(d) to authorized third parties for permissible purposes as set forth in 15 U.S.C. §1681 *et seq*.

12. In response to paragraph 12, Experian admits that it enters into subscriber agreements with its clients. Except as specifically admitted, Experian denies, generally and specifically, the remaining allegations contained in paragraph 12.

13. In response to paragraph 13, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

**FACTS**

14. In response to paragraph 14, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

15. In response to paragraph 15, Experian admits that a credit report was furnished to Plaintiff, which report speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 15. As to the allegations in paragraph 15 that relate to the other defendants. Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 15.

16. In response to paragraph 16, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

17. In response to paragraph 17, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

18. In response to paragraph 18, as to the allegations that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each allegation.

19. In response to paragraph 19, Experian admits that Plaintiff communicated a written dispute regarding the Chase account to Experian on or about June 25, 2009 and August 18, 2009. Experian further admits that Plaintiff stated in his August 18, 2009 communication that he did not owe Chase any money, that he had last used the account in 2003, and that he had paid the account in full. As to the allegations in paragraph 19 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 19.

20. In response to paragraph 20, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 20 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 20.

21. In response to paragraph 21, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 21 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 21.

22. In response to paragraph 22, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 22

that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 22.

23. In response to paragraph 23, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 23 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 23.

24. In response to paragraph 24, Experian admits that it forwarded Plaintiff's dispute to Asset Acceptance as part of its investigation. As to the allegations in paragraph 24 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 24.

## CLAIM ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b)(1)(A) (ASSET ACCEPTANCE)

25. Experian restates and incorporates its responses to paragraphs 1 – 24 as though fully set forth herein.

26. In response to paragraph 26, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

27. In response to paragraph 27, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

28. In response to paragraph 28, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

29. In response to paragraph 29, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

### CLAIM TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(B) (ASSET ACCEPTANCE)

30. Experian restates and incorporates its responses to paragraphs 1 – 29 as though fully set forth herein.

31. In response to paragraph 31, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

32. In response to paragraph 32, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

33. In response to paragraph 33, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

34. In response to paragraph 34, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

### CLAIM THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b)(1)(C) and (D) (ASSET ACCEPTANCE)

35. Experian restates and incorporates its responses to paragraphs 1 – 34 as though fully set forth herein.

36. In response to paragraph 36, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

37. In response to paragraph 37, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

38. In response to paragraph 38, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

39. In response to paragraph 39, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations.

### CLAIM FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b) (Trans Union, Equifax and Experian)

40. Experian restates and incorporates its responses to paragraphs 1 – 29 as though fully set forth herein.

41. In response to paragraph 41, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 41 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 41.

42. In response to paragraph 42, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 42 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42.

43. In response to paragraph 43, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 43 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43.

44. In response to paragraph 44, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 44 that relate to the other defendants, Experian does not have knowledge or information sufficient to


form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44.

### CLAIM FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1) (Trans Union, Equifax and Experian)

45. Experian restates and incorporates its responses to paragraphs 1 – 44 as though fully set forth herein.

46. Plaintiff omitted a paragraph 46 from his Complaint.

47. In response to paragraph 46, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 46 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 46.

48. In response to paragraph 48, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 48 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 48.

49. In response to paragraph 49, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 49 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 49.

50. In response to paragraph 50, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 50

that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50.

### CLAIM SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2) (Trans Union, Equifax and Experian)

51. Experian restates and incorporates its responses to paragraphs 1 – 50 as though fully set forth herein.

52. In response to paragraph 52, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 52 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 52.

53. In response to paragraph 53, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 53 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 53.

54. In response to paragraph 54, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 54 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 54.

55. In response to paragraph 55, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 55

that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 55.

### CLAIM SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(4) (Trans Union, Equifax and Experian)

56. Experian restates and incorporates its responses to paragraphs 1 – 55 as though fully set forth herein.

57. In response to paragraph 57, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 57 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 57.

58. In response to paragraph 58, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 58 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 58.

59. In response to paragraph 59, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 59 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 59.

60. In response to paragraph 60, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 60

that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 60.

### CLAIM EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(5)(A) (Trans Union, Equifax and Experian)

61. Experian restates and incorporates its responses to paragraphs 1 – 60 as though fully set forth herein.

62. In response to paragraph 62, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 62 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 62.

63. In response to paragraph 63, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 63 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 63.

64. In response to paragraph 64, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 64 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 64.

65. In response to paragraph 65, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 65

that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 65.

### CLAIM NINE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(5)(c) (Trans Union, Equifax AND Experian)

66. Experian restates and incorporates its responses to paragraphs 1 – 65 as though fully set forth herein.

67. In response to paragraph 67, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 67 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 67.

68. In response to paragraph 68, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 68 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 68.

69. In response to paragraph 69, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 69 that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 69.

70. In response to paragraph 70, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 70

that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 70.

71. In response to Plaintiff's "WHEREFORE" clause, Experian denies that it is liable to Plaintiff for the requested relief under the FCRA or for any relief whatsoever.

72. Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient or to plead any damages whatsoever to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Plaintiff's claims against Experian fail to the extent they are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with FCRA and relevant state laws.

## FOURTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The Complaint is barred, in whole or in part, to the extent that Plaintiff raises claims outside the applicable statutes of limitations, including but not limited to 15 U.S.C. § 1681p, or by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff cannot recover against Experian to the extent that he has failed to mitigate his damages

## SEVENTH AFFIRMATIVE DEFENSE
### (Set-Off/Recoupment)

Plaintiff cannot recover against Experian under the principles of set-off and recoupment to the extent that his recovery of damages or settlement amounts from others.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Plaintiff cannot recover punitive damages against Experian to the extent that the Complaint is devoid of facts sufficient to state a cause of action for punitive or exemplary damages.  Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that such an award would violate the United States Constitution or the Constitution of Virginia.

**NINTH AFFIRMATIVE DEFENSE**
**(Venue)**

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq*. and Rule 3 of the Rules of the United States District Court for the Eastern District of Virginia.

**TENTH AFFIRMATIVE DEFENSE**
**(Right to Assert Additional Defenses)**

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

**EXPERIAN INFORMATION SOLUTIONS, INC.**

By /s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

>Leonard Anthony Bennett
>Consumer Litigation Assoc PC
>12515 Warwick Blvd., Suite 100
>Newport News, VA 23606
>Telephone: 757-930-3660
>Facsimile: 757-930-3662
>Email: lenbennett@cox.net
>*Attorney for Plaintiff*
>
>Thomas Ray Breeden
>Thomas R. Breeden PC
>10326 Lomond Drive
>Manassas, VA 20109
>Telephone: 703-361-9277
>Facsimile: 703-257-2259
>Email: trb@tbreedenlaw.com
>*Attorney for Plaintiff*
>
>Andrew Biondi
>Sands Anderson PC
>1111 E Main Street, Suite 2400
>P O Box 1998
>Richmond, VA 23219
>Telephone: (804) 648-1636
>Email: abiondi@sandsanderson.com
>*Attorney for Asset Acceptance, LLC*
>
>Grant Edward Kronenberg
>Morris & Morris PC
>700 East Main Street, Suite 1100
>PO Box 30
>Richmond, VA 23218
>Telephone: 804-344-6334
>Fax: 804-344-8359
>Email: gkronenberg@morrismorris.com
>*Attorney for Trans Union, LLC*

John Willard Montgomery, Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd., Suite A-1
Richmond, VA 23230
Telephone: (804) 355-8744
Email: jmontgomery@jwm-law.com
*Attorney for Equifax Information Services, Inc.*

/s/ David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Experian Information Solutions, Inc.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone No.: (804) 697-5410
Facsimile No.: (804) 698-5118
Email: david.anthony@troutmansanders.com

- 18 -